

IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM, ) CRIMINAL CASE NO. CF0033-10
)
)
)
vs. )
) DECISION AND ORDER
) (Motion to Dismiss Superseding
) Indictment)
CHARLES E. SCHARFF II, )
ROSEMARIE EVANGELISTA, )
JOAQUIN MAFNAS PANGELINAN, JR., )
IGNACIO SANTOS PALACIOS, )
)
Defendants. )

## INTRODUCTION

On April 9, 2013, this matter came before the HONORABLE VERNON P. PEREZ on Defendant Joaquin Mafnas Pangelinan's Memorandum of Law in Support of Defendant Pangelinan's Motion to Dismiss Superseding Indictment. Defendant is represented by Attorney F. Randall Cunliffe. Defendant Ignacio Santos Palacios joined in the Motion to Dismiss and is represented by Attorney John C. Terlaje. The Government of Guam ("Government") is represented by Attorney General Jesse J.N. Nasis. After reviewing the pleadings and arguments, the Court now issues the following Decision and Order denying Defendants' Motion.

## BACKGROUND

On January 14, 2010, Defendants were indicted on charges of Theft by Receiving Stolen Property (As a 2nd Degree Felony) (8 Counts) and Guilt by Complicity to Commit Receiving Stolen Property (As a 2nd Degree Felony) (8 Counts). On March 22, 2012, Defendants were indicted on charges of Theft by Receiving Stolen Property (As a 2nd Degree Felony) (12 Counts), Conspiracy to Commit Theft by Receiving Stolen Property (As a 2nd Degree Felony), and Criminal Facilitation (As a Misdemeanor). The charges for Theft by Receiving Stolen

*People v. Charles E. Scharff II, et al.*
Decision & Order
Criminal Case No. CF0033-10

Property allege that from August 1, 2007, through September 7, 2007, Defendants committed the alleged conduct.

On March 11, 2013, Defendant Joaquin Mafnas Pangelinan filed Memorandum of Law in Support of Defendant Pangelinan's Motion to Dismiss Superseding Indictment ("Motion"). Defendant Ignacio Santos Palacios filed Joinder by Defendant Ignacio Santos Palacios on March 20, 2013. The Government did not file an opposition.

## DISCUSSION

Defendants ask this Court to dismiss the Indictment, because the Government failed to present exculpatory evidence to the grand jury. Specifically, Defendants argue the discovery material provided by the Guam Police Department ("GPD") and Office of the Attorney General contains multiple statements the vehicles in seven (7) out of the twelve (12) Counts were not reported stolen.[1]

A reviewing court should uphold an indictment "if there is some rational ground for assuming the possibility that an offense has been committed and the accused is guilty of it." *Guevara v. Superior Court*, 62 Cal.App.4th 864, 869 (Cal.Ct.App.1998) (citation omitted). "Mistakes in testimony, misstatements, or the failure to prevent exculpatory evidence will not serve as grounds to dismiss an indictment where they do not 'amount to flagrant deception or overreaching of a grand jury.'" *People v. Palomo*, 1993 WL 129624 * 5 (D. Guam 1993) (quoting *United States v. Fritz*, 852 F.2d 1175, 1178 (9th Cir. 1988)). "Dismissal of an indictment is a disfavored remedy." *Id.* (citing *United States v. Rogers*, 751 F.2d 1074, 1076–1077 (9th Cir.1985)).

---

[1] The police reports do list GPD report numbers for four of the vehicles that are listed as stolen in the indictment, and they as follows: Count 1, Count 2, Count 5, and Count 9. The reports indicate that as for the vehicle listed in Count 11, the registered owner was contacted, the vehicle was confirmed stolen, but no GPD case number was assigned.

*People v. Charles E. Scharff II, et al.*
Decision & Order
Criminal Case No. CF0033-10

Title 8 GCA § 50.54(b) provides that "[t]he grand jury *shall* find an indictment when from the evidence presented, there is reasonable cause to believe that an indictable offense has been committed and that the defendant committed it." 8 GCA § 50.54(b) (2013). In Guam, felony offenses are prosecuted by grand jury indictment. *See* 8 GCA § 1.15 (2013). During grand jury proceedings, the grand jury is to receive only competent evidence. *See* 8 GCA § 50.42 (2013). Competent evidence is evidence that a reasonable person would rely upon in conducting his or her daily affairs. *See People v. Quidachay*, 815 F.2d 1311, 1313 (9th Cir. 1987). "Reasonable cause amounts to evidence such that a man of ordinary caution or prudence would be led to believe and conscientiously entertain a strong suspicion of the guilt of the accused." *People v. Graio*, 1987 WL 109393 at * 2 (D. Guam 1987) (citations omitted).

Title 8 GCA § 50.46 states that "[t]he grand jury shall receive only evidence presented to it by the prosecuting attorney *but the prosecuting attorney shall submit any evidence in his possession which would tend to negate guilt* and the grand jury shall weigh all the evidence submitted." 8 GCA § 50.46 (2013) (emphasis added). In *Brady v. Maryland*, 373 U.S. 83, the Supreme Court held that "the suppression by the prosecution of evidence favorable to the accused upon request violates due process where the evidence is material either to guilt or to punishment. . . ." 373 U.S. at 87.

In the present case, Defendants are charged with violating Title 9 GCA § 4.60, § 43.20(a), § 43.50(a). Section 43.20(a) prescribes what classification a theft crime should receive, and Section 43.50(a) defines what constitutes Theft by Receiving. Section 43.20(a) provides:

**§ 43.20. Theft; Defined & Punishment Classified.**

(a)  Theft constitutes a felony of the second degree if the amount involved exceeds One Thousand Five Hundred Dollars ($1,500) or if the property stolen is a bus, truck, automobile, aircraft, motorcycle, or motor boat, or in the case

*People v. Charles E. Scharff II, et al.*
Decision & Order
Criminal Case No. CF0033-10

of theft by receiving stolen property, if the defendant is in the business of buying and selling stolen property.

9 GCA § 43.20(a) (2013). Section 43.50(a) defines "Theft by Receiving" as follows:

**§ 43.50. Theft by Receiving Stolen Property; Defined.**

(a) *A person is guilty of theft if he intentionally receives, retains or disposes of movable property of another knowing that it has been stolen or believing that it has probably been stolen.* It is a defense to a charge of violating this Section that the defendant received, retained or disposed of the property with intent to restore it to the owner.

9 GCA § 43.50(a) (2013) (emphasis added). "A person is guilty of theft if he intentionally receives, retains or disposes of movable *property of another* knowing that it has been *stolen* or believing that it has probably been *stolen.*" 9 GCA § 43.50(a) (2013) (emphasis added). "Property of [a]nother includes property in which any person other than the defendant has an interest which the defendant is not privileged to infringe. . . ." 9 GCA § 43.10(e) (2013).

Defendants argue that during the grand jury hearing on March 22, 2012, Officer Santos either intentionally or unintentionally misled the grand jury concerning the investigation into seven (7) of the twelve (12) allegedly stolen vehicles. Motion at 5. Specifically, Defendants argue Officer Santos incorrectly stated all the vehicle owners had been contacted, when in fact, seven (7) of the twelve (12) vehicles were not reported stolen and the owners could not be contacted. *Id.* Defendants also argue that it is disturbing the assistant attorney general present did not correct officer Santos's testimony before the grand jury. *Id.* Defendants further contend the Government produced no reports that contained information regarding seven (7) of the twelve (12) vehicles proving the vehicles were ever reported stolen. *Id.* at 6. Finally, Defendants argue that the superseding indictment should be dismissed with prejudice, since the grand jury was misled or not provided exculpatory evidence. *Id.*

After reviewing the grand jury proceeding and considering the evidence presented to the grand jury, this Court finds there was sufficient competent evidence to support all twelve counts of the first charge of the Superseding Indictment. While the Court does not deny that no reports were produced which contained information demonstrating seven (7) of the twelve (12) vehicles were stolen, the Court finds there was sufficient evidence to indict based on the testimony presented during the grand jury proceeding. Officer Fred Santos ("Officer Santos") testified that Defendant Joaquin Mafnas Pangelinan had indicated he was aware the vehicles were stolen but was not aware where they were stolen from. Grand Jury Recording at 9:49:34. Officer Santos also testified that Defendant Ignacio Santos Palacios stated Defendant Charles E. Scharff ("Scharff") told Palacios the cars were stolen, and that Scharff brought cars over to Palacios's property with his friends. *Id.* at 9:51:48. Officer Santos later testified the vehicles had been determined stolen by checking records, and the registered owners were later contacted, and it was confirmed the vehicles were stolen. *Id.* at 10:00:59.

Based on the evidence presented, the Court finds a conscientious jury could clearly have had a strong suspicion Defendants committed the crime charged. Defendants' statements are sufficient to establish probable cause for an indictment of Theft by Receiving Stolen Property. Furthermore, although there may have been errors in Officer Santos's testimony, the errors did not involve flagrant conduct causing substantial prejudice. Even if the Court were to assume seven (7) of the twelve (12) vehicles were not reported stolen and this was exculpatory evidence not presented to the grand jury, Defendants' statements that the vehicles were all stolen was sufficient to indict. Therefore, Defendants do not present an argument sufficient to justify dismissal of the indictment

*People v. Charles E. Scharff II, et al.*
Decision & Order
Criminal Case No. CF0033-10

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is **DENIED** in its entirety. A criminal trial setting is set for August 6, 2013, at 10:00 a.m.

**SO ORDERED** this _30th_ of July 2013.

HONORABLE VERNON P. PEREZ
JUDGE, SUPERIOR COURT OF GUAM

I do hereby certify that the foregoing
is a full, true and correct copy of the
original on file in the Office of the
Clerk of the Superior Court of Guam.
Dated at Hagåtña, Guam.

JUL 3 1 2013

Leonard F. Ventura
Deputy Clerk, Superior Court of Guam

*People v. Charles E. Scharff II, et al.*
Decision & Order
Criminal Case No. CF0033-10